UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MELVIN DEWAYNE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:18-CV-00245-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER AFFIRMING** |
| NANCY A. BERRYHILL, Acting | ) | **COMMISSIONER'S DECISION** |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on cross-motions for summary judgment. [R. 14-1; R. 16]. The Plaintiff, Melvin Jones, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for Disability & Disability Insurance Benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

## BACKGROUND

An Administrative Law Judge ("ALJ") denied Jones's claim [Administrative Record ("AR") at 38], as did the Appeals Council. [AR at 9] Jones now petitions this Court to review the decision of the Appeals Council. This Court's review of the Commissioner's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).

In denying Jones's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Jones had not engaged in substantial gainful activity since April 25, 2016. [AR at 32]

At step two, the ALJ determined that Jones suffered from the severe impairments of degenerative disc disease of the lumbar spine, osteoarthritis of the left knee, and obesity. [AR at 32]

At step three, the ALJ found that Jones does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR at 32–33]

Before proceeding to step four, the ALJ determined that Jones has the residual functional capacity (RFC) to perform less than the full range of light work, except he can frequently push and pull bilaterally with the lower extremities; can occasionally climb ramps and stairs; can occasionally climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, and crawl; can occasionally reach overhead bilaterally; can occasionally be exposed to vibration; and can occasionally be exposed to unprotected heights or dangerous moving machinery. [AR at 33–36]

At step four, the ALJ determined that Jones has past relevant work as an auto mechanic, but he is unable to perform his past relevant work as actually or generally performed due to his current RFC. [AR at 36–37]

At step five, the ALJ determined that, considering the RFC described above and Jones's age, and work experience, there are jobs that exist in significant numbers in the national economy that Jones can perform and, thus, he is not disabled. [AR at 37–38]

The Appeals Council concurred with the above findings of the ALJ. [AR at 8]

## ANALYSIS

Jones raises three objections to the Appeals Council's decision. He first argues that the Appeals Council erred in failing to remand the case back to the ALJ for a new consultative examination after finding that the consultative examiner did not qualify as an acceptable medical

source. [R. 14-1 at p. 6] Second, Jones contends that the Appeals Council failed to properly evaluate his subjective complaints of pain. *Id.* at 8. Finally, Jones asserts that the Appeals Council's determination that he is not disabled is not supported by substantial evidence. *Id*. at 11. The Court agrees with the Appeals Council on all three of these issues.

## I. The Appeals Council Did Not Err in Not Remanding the Case Back to the ALJ for a New Consultative Examination.

Upon review of the ALJ's findings, the Appeals Council found that the ALJ erred in according significant weight to the opinion of the consultative examiner, Dr. Chaney, who was not an acceptable medical source under 20 C.F.R. § 404.1502 due to the revocation of his medical license. [AR at 6] However, the Appeals Council determined that other evidence of record and the opinion of the State agency medical consultant, Dr. Mukherjee, were still sufficient to affirm the ALJ's findings. [AR at 6] Jones argues that the Appeals Council should have remanded the case to the ALJ for a new consultative examination. [R. 14-1 at p. 6]

No single medical source is alone necessary or conclusive in determining RFC; thus, an opinion from a non-examining consultant may be the basis for the ALJ's opinion, even if it conflicts with an examiner's. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013) ("To be sure, a properly balanced analysis might allow the Commissioner to ultimately defer more to the opinions of consultative doctors than to those of treating physicians."); *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1002 (6th Cir. 2011) ("There is no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record. The opinions need only be 'supported by evidence in the case record.'"); *Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007) ("To be sure, the ALJ's decision to give greater weight to [a consultant's] opinion was not, in and of itself, error.").

Here, the ALJ thoroughly considered the objective medical evidence associated with Jones's complaints and the evaluations of Jones's various treating physicians. [AR at 269–308; 311–18; 319–39; 340–42; 343–47; 348–58; 359–62] The ALJ gave great weight to the opinion of the State agency physical medical consultant, Dr. Mukherjee, who concluded that Jones was capable of performing a significant amount of light work activity with the ability to occasionally perform most postural activities. [AR at 36] The Appeals Council also gave great weight to the opinion of Dr. Mukherjee, which was consistent with the objective medical evidence in the record, such as lumbar and cervical disc disease and degenerative joint disease of the knee. [AR at 6-7] ALJs are not required to refer claimants to consultative specialists, but have the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). The rules and procedures for requesting consultative examinations are applicable at the reconsideration and hearing levels of review, as well as the initial level of determination. 20 C.F.R. § 404.1519. The Appeals Council acted reasonably in determining that the objective medical evidence in the record, along with the opinion of Dr. Mukherjee, was sufficient to find that Jones is not disabled as defined in the Social Security Act without remanding for another consultative examination. *See* 20 C.F.R. § 404.1519a (stating that a consultative examination may be ordered when the evidence as a whole is insufficient to allow the agency to make a determination on a claim).

II.  **The ALJ Did Not Err in Evaluating Jones's Subjective Complaints of Pain, and the Appeals Council was Right to Affirm.**

Jones argues that the ALJ failed to properly evaluate his subjective complaints of pain under the framework provided by SSR 96-7p. [R. 14-1 at p. 8] This argument fails for several reasons. First, the ALJ carefully considered Jones's subjective complaints of pain and found that

while "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." [AR at 35]  An ALJ is required to "assess a claimant's RFC based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3).  Although this evidence includes a claimant's statements regarding his symptoms, such subjective complaints cannot independently support a finding of disability. 20 C.F.R. § 416.929(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled").  The ALJ's analysis of a claimant's symptom complaints is entitled to particular deference from this Court. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (credibility determinations are particularly within the province of the ALJ and are "to be given great weight.") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

Next, as noted by the Defendant, the agency's sub-regulatory guidance regarding the evaluation of symptom testimony, found in SSR 96-7p, was superseded by SSR 16-3p, 2016 WL 1237954 (Mar. 24, 2016), which was effective March 2016.  As such, SSR 16-3p was in effect at the time of the ALJ's decision, and Jones's citation to SSR 96-7p is misplaced.  According to SSR 16-3p, subjective symptom evaluation is not about an individual's general character or truthfulness, *see* SSR 16-3p, 2016 WL 1119029, at *10, and the ALJ's reasoning in this case is consistent with this guidance. [AR at 33–35]  Ultimately, the ALJ appropriately evaluated Jones's symptoms using the regulatory framework set forth in 20 C.F.R. § 416.929 and SSR 16-3p.

The ALJ extensively reviewed Jones's record, as well as the opinions of the State agency physical medical consultant and Jones's treating physicians, and reasonably concluded that he

retained the RFC to perform a significant amount of light work activity despite his claims regarding his symptoms of pain. [AR at 36] It is fundamental that an ALJ can base a decision that a claimant's symptoms are not as limiting as he alleges on inconsistencies between those claims and the rest of the record. *See* 20 C.F.R. § 416.929(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating and nontreating source or other persons about how your symptoms affect you."). When the ALJ finds contradictions between the medical reports and claimant's testimony, the discounting of the claimant's testimony is appropriate. *See Bradley v. Sec'y of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988).

In the present case, the ALJ's conclusion that Jones's allegations regarding the severity of his symptoms were inconsistent with the record [AR at 35], and the Appeals Council's affirmation of the ALJ's finding [AR at 7], are supported by the medical evidence. Specifically, the ALJ found that "[d]espite the claimant's complaints of back and lower extremity pain, the claimant has not required any surgical intervention for his pain symptoms." [AR at 35] While Plaintiff complained of knee pain, he reported that he was able to drive and take care of his personal needs and again never required any surgical intervention for this symptom. *Id*. at 36. As to his obesity, the ALJ stated that there was "no indication that the claimant has any significant difficulty getting around due to the pain or his body habitus." *Id*. The ALJ correctly weighed the evidence in the record against Plaintiff's own statements.

### III. The ALJ's Determination is Supported by Substantial Evidence, and the Appeals Council was Right to Affirm.

Substantial evidence means "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Cultip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). The Court does not try the case *de novo*, resolve conflicts in the evidence, or assess questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Similarly, the Court does not reverse findings of the Commissioner or the ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner*, 375 F.3d at 390. Rather, the Court must affirm the ALJ's decision if substantial evidence supports it, even if the Court might have decided the case differently if in the ALJ's shoes. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

Jones generally argues that substantial evidence does not support the ALJ's RFC determination. He argues that the ALJ failed to properly evaluate the medical evidence that documents his lumbar degenerative disc disease, lumbago, cervicalgia, osteoarthritis of the left knee, obesity hypertension, and colonic diverticulitis. [R. 14-1 at pp. 11-12] However, the ALJ considered and discussed all of these conditions. [AR at 32–36] The ultimate decision of a claimant's RFC is made by the ALJ. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004); 20 C.F.R. 404.1546(c). When deciding a claimant's RFC, the ALJ considers numerous factors including both medical and non-medical evidence. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233

(6th Cir. 1993). As explained above, the ALJ's determination was supported by substantial evidence and the Appeals Council was right to affirm.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The plaintiff's motion for summary judgment [R. 14] is **DENIED**;

2. The defendant's motion for summary judgment [R. 16] is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

This the 17th day of June, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY